UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| KENNETH WELLINGTON, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 10-341-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| KAREN HOGSTEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Kenneth Wellington is an inmate confined at the Federal Correctional Institution in Manchester, Kentucky. On February 2, 2009, Wellington, while incarcerated at the United States Penitentiary in Coleman, Florida, and proceeding without counsel, filed a petition for a writ of habeas corpus in the Middle District of Florida, alleging that officials at the Bureau of Prisons miscalculated his parole eligibility date and had not properly credited his sentence with time served. [R. 1.] On February 26, 2010, Wellington advised the court that he had been transferred to the Federal Correctional Institution in Manchester, Kentucky. [R. 11.] On December 10, 2010, that court transferred the petition to this Court pursuant to 28 U.S.C. § 1404(a). [R. 18.] Having reviewed the petition,[1] and for the reasons stated below, Wellington's request for relief will be DENIED.

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, at \*1 (6th Cir. 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny

1

**I.**

On or about October 12, 1981, Wellington committed a burglary in the District of Columbia in violation of D.C. Code § 22-1801(b). [R. 1 at 14.] Following conviction for the offense, Wellington was sentenced on January 18, 1983 by the Superior Court of the District of Columbia to serve 16 months to 8 years in prison. Crim. Case No. F-5915-81E. [R. 1 at 11, 14.]

At the time of sentencing, Wellington was subject to an undischarged term of imprisonment imposed by the State of Maryland for a prior offense. Maryland paroled Wellington from that term on January 22, 1986, and at that time he began serving his D.C. sentence for burglary. [R. 1 at 11.] On May 20, 1987, after serving the minimum term of 16 months, the District of Columbia paroled Wellington and released him to begin a six month term in a halfway house. [R. 1 at 12.]

Instead of serving out the duration of his imprisonment in the halfway house, Wellington absconded from a community corrections facility and engaged in more criminal conduct. Accordingly, on December 9, 1988, the D.C. Parole Board issued a parole violator warrant for Wellington's arrest. [R. 1 at 11, 14.] That warrant was not executed until Wellington was arrested on March 5, 1990. [R. 1 at 12.] Predicated upon his violation of the terms of his parole, Wellington was ordered to serve the remainder of his full eight year term, with credit given for the sixteen months he had already served, and 568 days of "street time" credit from May 21, 1987 to December 8, 1988. Hence, Wellington was to serve the remaining 1869 days of that sentence, a term the D.C. Parole Board determined he would complete on April 16, 1995. [R. 1

---

habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

at 12.] Wellington alleges that this sentence was ordered to be served concurrently with any sentence imposed in the future arising out of the criminal conduct which resulted in the revocation of his parole. [R. 1 at 2.]

On September 1, 1992, the D.C. Superior Court sentenced Wellington to a combined term of 27 years to life in Case No. F13105-90 for the offenses committed after escaping the corrections facility. [R. 1 at 1, 15.] This included two consecutive five to fifteen year terms on two counts of Assault with Intent to Commit Rape while Armed; a consecutive term of ten years to life for Rape while Armed; a consecutive term of two to six years for Assault with Intent to Commit Sodomy while Armed; a consecutive term of five to fifteen years for Possession of a Firearm During the Commission of a Crime of Violence; and a concurrent term of five to fifteen years for Possession of a Firearm During the Commission of a Crime of Violence. Case No. F13105-90A-G. [R. 9-1 at 17-20.]

As a result of the new sentences, on September 4, 1992, the D.C. Department of Corrections updated its calculations and determined that, because Wellington would earn as much as 2,640 days of statutory good time credits over the course of his minimum term, he would become eligible for parole on June 9, 2007. [R. 9-1 at 20.]

On August 15, 2001, Wellington was transferred into the custody of the Federal Bureau of Prisons for service of his sentence pursuant to the District of Columbia Revitalization Act of 1997. [R. 9-1 at 24.] Reviewing the applicable District of Columbia statutes, on November 9, 2001, the BOP determined that Wellington would not become eligible for parole until August 31, 2019, because D.C. Code § 24-434 rendered him ineligible to earn statutory good time credits during the entirety of his 27-year minimum term in light of his firearms conviction under D.C. Code § 22-3204(b). *Wellington v. Ashcroft*, No. 1:03-cv-2391-RMC (D.D.C. 2003) [R. 1-1 at 11

3

therein].  However, on appeal from that determination, the Regional Director of the North Central Regional Office concluded that Section 24-434 applied only to Wellington's 5-year mandatory minimum term under the firearms conviction, allowing him to earn statutory good time credits during service of the remaining 22 years of his minimum term.  Accordingly, he revised Wellington's parole eligibility date to June 8, 2012.  [R. 1-1 at 8 therein.]

     Unsatisfied with the result, on November 19, 2003, Wellington filed a petition for a writ of habeas corpus in the federal district court for the District of Columbia.  In his petition, Wellington contended that the D.C. Parole Board never revoked his parole from his 1983 burglary conviction through a formal hearing; the BOP revoked the 568 days of "street time" credit awarded by the D.C. Parole Board without a hearing; and the BOP effectively reimposed his eight year burglary conviction without any credit for time served.  *Wellington v. Ashcroft*, No. 1:03-cv-2391-RMC (D.D.C. 2003) [R. 1 at 2 therein].  Because Wellington was incarcerated at a federal penitentiary in Leavenworth, Kansas, when he filed this petition, on June 25, 2004, that court transferred the petition to the District of Kansas.  [R. 10 therein.]

     Following transfer, the government sought dismissal of the petition for failure to exhaust administrative remedies because Wellington's appeal to the Central Office was rejected for procedural reasons, and because his challenge to the procedures used to revoke his parole and parole credits was not the issue raised in his inmate grievances.  On June 20, 2006, the district court agreed, granted the motion, and dismissed the petition without prejudice, a decision affirmed by the Tenth Circuit on February 1, 2008.  *Wellington v. Ashcroft*, No. 04-3234-RDR (D. Kan. 2004), *aff'd*, No. 07-3052 (10th Cir. 2007) [R. 17, 27, 45 therein].

     Shortly thereafter, in 2008 Wellington began filing new inmate grievances challenging the BOP's calculation of his parole eligibility date, and alleging that his parole was never

4

formally revoked. After the BOP denied these grievances as repetitive of his previous filings challenging his parole eligibility, on February 2, 2009, Wellington filed this action seeking habeas relief in the Middle District of Florida, the jurisdiction where he was then incarcerated. *Wellington v. Middlebrooks*, No. 5:09-cv-62-WTH (M.D. Fla. 2009). Wellington's petition was substantially identical to the one he filed in 2003, again challenging the BOP's calculation of his parole eligibility date. [R. 1.] While Wellington argues that his parole had never been properly revoked [R. 1 at 1], the only relief he seeks is reinstatement of his parole eligibility date back to June 9, 2007, the date initially set by the D.C. Parole Board in 1992. [R. 1 at 4.]

In response, the government contends that by aggregating Wellington's parole violator and 1992 sentences, the BOP had actually advanced his parole eligibility date by approximately four years. [R. 9 at 4.] First, the BOP used September 1, 1992, as the start date for determining when Wellington would become eligible for parole, simply ignoring the four years Wellington still had left to serve on his parole violator sentence. Second, the BOP aggregated the two sentences, allowing Wellington to earn statutory good time credits at a faster rate under the D.C. Good Time Credits Act, D.C. Code § 24-428(b). [R. 9 at 4-5.] The government also asserts that, under *United States Parole Comm'n v. Noble*, 711 A.2d 85 (D.C. 1998) (*en banc*), the BOP properly refused to give Wellington credit for "street time" because his parole was subsequently revoked. [R. 9 at 6.]

While this action was pending, but before its transfer to this Court, Wellington filed a second action on November 3, 2010, in the federal district court for the District of Columbia. *Wellington v. Lappin*, No. 1:10-cv-01875 (D.D.C. 2010). While framed as a civil rights action, the factual allegations and legal arguments in that action were a verbatim recitation of those set

5

forth in this case, and he again sought only to have his parole eligibility date returned to 2007.[2] [R. 1 at 6-9 therein.] Because Wellington's complaint challenged the computation of his sentence, that court recharacterized his complaint as a petition seeking habeas relief under 28 U.S.C. § 2241, and transferred it to this Court pursuant to 28 U.S.C. § 1406(a). That action was docketed in this Court as *Wellington v. Hogsten*, No. 6: 10-CV-321-GFVT (E.D. Ky. 2010).

## II

In his petition, Wellington contends that in 2001, the BOP reinstated his parole violator sentence, which he had finished serving on April 16, 1995, [R. 4 at 7] and that both his parole and his "street time" credits were revoked without notice and hearing. [R. 1 at 2-3.] Wellington seeks an order establishing June 9, 2007, as his parole eligibility date. [R. 4 at 4.] Having reviewed the record, it is evident that Wellington misunderstands the reasons for the BOP's determination of his parole eligibility date, and the Court concludes that the BOP has properly determined that June 8, 2012 is the date he first becomes eligible for parole.

As a preliminary matter, Wellington argues that his parole from his 1983 burglary conviction was never properly revoked in 1990 because neither the D.C. Parole Board nor the United States Parole Commission held a formal revocation hearing after his arrest in 1990. [R. 1 at 2-3.] Wellington also separately argues that the sentence imposed for violating the terms of his parole was ordered to run concurrently with any sentence to be imposed for his new criminal

---

[2] After Wellington filed these cases, on September 28, 2011, the United States Parole Commission held an initial parole hearing. The U.S.P.C. denied parole, stating that Wellington's failure to participate in a residential sex offender treatment program while in prison indicated, in its opinion, that he was reasonably likely to commit new criminal conduct if released. The Commission recommended an interim hearing within 12 months. Wellington has filed suit challenging that decision. *Wellington v. Fulwood*, No. 1:12-cv-209-RLW (D.D.C. 2012) [R. 1 at 5, 10 therein]

conduct.[3] [R. 1 at 2.] Wellington has not supported either of these arguments with evidence or detailed allegations to support them. If correct, Wellington's assertions would unquestionably affect his full term expiration date if he were not earlier paroled.

But Wellington's petition does not challenge his full term expiration date - instead, he challenges the BOP's calculation of his parole eligibility date. [R. 1 at 4.] In determining that date, the BOP simply disregarded the time that Wellington still had left to serve on his parole revocation sentence, and used September 1, 1992 - the date his 27 years to life sentence was imposed - as the starting date for determining when he would become eligible for parole. *Wellington v. Hogsten*, No. 6: 10-CV-321-GFVT (E.D. Ky. 2010) [R. 1-2 at 13 therein ("Based on [Program Statement 5880.32] the parole eligibility date is computed from the date of imposition of your consecutive sentence, (September 1, 1992).")] *See* 18 U.S.C. § 4161; Program Statement 5880.32 Ch. 20 pg. 7. Assuming, without deciding, that Wellington's parole was properly revoked around 1990, and that the BOP was correct to disallow any credit for time spent at liberty under the *Noble* decision[4] because his parole was subsequently revoked, Wellington would not complete service of his parole revocation sentence, totaling 2437 days as of March 5, 1990, until April 1995, with approximately 560 days of credit given for statutory

---

[3] Ordinarily, under District of Columbia law a sentence will run consecutively to another sentence unless the judgment expressly states otherwise. D.C. Code § 23-112; BOP Program Statement 5880.33 Ch. 19.1.

[4] In *Noble*, the court held that D.C. prisoners were not entitled to "street time" credits - credits for days they spent while on parole - if that parole was subsequently revoked, under D.C. Code § 24-206(a), which provided that "[i]f the order of parole shall be revoked ..., [t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." *See McFadden v. U.S. Parole Comm'n*, 741 F. Supp. 2d 61, 63 (D.D.C. 2010).

good time.[5] Because the BOP ignored this outstanding sentence and instead calculated his parole eligibility date using September 1, 1992, as the commencement date of the applicable sentences, his parole revocation sentence had no effect on the commencement date used to determine when he first became eligible for parole. The BOP also disregarded Wellington's parole violation term when determining his minimum sentence, rendering any alleged errors with respect to his separate parole revocation sentence irrelevant to the BOP's conclusions.

The BOP also correctly determined Wellington's parole eligibility date. District of Columbia law provides that "... a person convicted in the District of Columbia of a felony ... may be released on parole as herein provided at any time after having served the minimum sentence." D.C. Code § 24-203(a). District law further provides that the minimum sentence for a determinate term shall generally be one-third of the maximum term imposed:

> Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms or after serving ten years of a life sentence or of a sentence of over thirty years, except to the extent otherwise provided by law.

D.C. Code § 24-205. Sentences imposed therefore state the minimum and maximum term in accord with this rule. Accordingly, Wellington's two sentences for Assault with Intent to Commit Rape while Armed were for five to fifteen years, to be served consecutively; his sentence for Assault with Intent to Commit Sodomy while Armed was for two to six years, to be served consecutively; his sentence for Rape while Armed was for ten years to life, to be served

---

[5] Because Wellington's 1992 sentences were imposed for crimes committed between April 11, 1987, and June 22, 1994, they are subject to the D.C. Good Time Credits Act, D.C. Code § 24-428. Under that section, multiple consecutive sentences, including a sentence imposed before its effective date, are aggregated to determine the rate at which the offender earns good time credits. D.C. Code § 24-428(b). Wellington was therefore eligible to earn good time at a rate of 8 days per month from March 5, 1990, to September 1, 1992, and at a rate of 10 days per month thereafter. BOP Program Statement 5880.33 Ch. 12.1(a).

consecutively; and his two sentences for Possession of a Firearm During the Commission of a Crime of Violence were for five to fifteen years, to be served concurrently with each other but consecutively to his other sentences. Applying D.C. Code § 24-205, the BOP correctly determined that the sum of these minimum terms totaled 27 years. *See Wellington v. Hogsten*, No. 6: 10-CV-321-GFVT (E.D. Ky. 2010) [R. 1-2 at 15 therein]. Under this statute, Wellington would serve his minimum term, and hence become eligible for parole consideration, on September 1, 2019.

> However, parole eligibility is further affected by the availability of good time credits:
>
> Every person who is convicted of a violation of a District of Columbia ("District") criminal law by a court in the District of Columbia, imprisoned in a District correctional facility, and whose conduct is in conformity with all applicable institutional rules is entitled to good time credits in accordance with the provisions of this section.

D.C. Code § 24–428(a). If awarded, these good time credits advance the date the prisoner becomes eligible for parole consideration:

> Good time credits authorized by the provisions of this section shall be applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole and to the person's maximum term of imprisonment to determine the date when release on parole becomes mandatory.

D.C. Code § 24-428(b); *Sellmon v. Reilly*, 551 F. Supp. 2d 66, 69 n.3 (D.D.C. 2008) (D.C. Code offenders become eligible for parole after having served the minimum term imposed less good time credits).

Because the sum of Wellington's terms totaled "10 years or more," he was eligible to earn institutional good time credits at a rate of 10 days for each month of his minimum term. D.C. Code § 24-428(a)(5); *Glascoe v. United States*, 358 F.3d 967, 969 (C.A.D.C. 2004). Wellington was not, however, able to earn such credits for the 5-year term imposed under D.C.

9

Code § 22-4502 for Possession of a Firearm During the Commission of a Crime of Violence. D.C. Code § 24-434 ("Institutional and educational good time credits shall not be applied to the minimum terms of persons sentenced under § 22-4502 ..."). Applying that accrual rate of 10 days per month to the eligible 22-year portion of his 27-year minimum term, the BOP correctly determined that Wellington would earn 2,640 days of good time credits, and advanced the September 1, 2019, minimum term date by that amount, resulting in a parole eligibility date of June 8, 2012.

Wellington argues that because the D.C. Parole Board initially determined that he would be eligible for parole on June 8, 2007, when the BOP delayed this consideration date by five years it must have "given back" his parole violator term after he had completed it "as a new sentence ..." [R. 4 at 7.] The facts demonstrate that this is clearly not what occurred. First, if the BOP had done as Wellington alleges and "re-imposed" the undischarged 1877 days[6] that Wellington owed on the parole violation term as of March 5, 1990, and added that amount to the D.C. Parole Board's June 8, 2007, parole eligibility calculation, that change would have resulted in a revised parole eligibility date of July 28, 2012, not June 8, 2012. Second, in response to his inmate grievances, the BOP repeatedly explained that D.C. Parole Board's initial calculation was clearly the result of a scrivener's error. While the D.C. Parole Board correctly subtracted Wellington's 5-year sentence under D.C. Code § 22-4502 from his 27-year minimum term as ineligible for purposes of calculating the 2,640 days of good time credits he would earn under D.C. Code § 24-428(a)(5), it apparently failed to include that 5-year sentence as part of his 27-year baseline minimum term when determining his mandatory minimum term. The correct

---

[6] This amount is derived from the 2,437 days Wellington owed on this term less 560 days he would earn as good time credits.

calculation is based upon a commencement date of September 1, 1992, plus the 27-year minimum term, less 2,640 days good time credits based upon 22 years of eligible minimum terms. The D.C. Parole Board reached its calculation based upon a commencement date of September 1, 1992, *plus an incorrect 22-year minimum term*, less 2,640 days good time credits based upon 22 years of eligible minimum terms. *Wellington v. Hogsten*, No. 6: 10-CV-321-GFVT (E.D. Ky. 2010) [R. 1-2 at 13 therein].

In light of the foregoing, the BOP has correctly calculated Wellington's parole eligibility date in conformity with applicable D.C. Code law, and the petition will be denied.

Accordingly, **IT IS ORDERED** that:

1. Wellington's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2. The Court will enter an appropriate judgment.

This 17th day of May, 2012.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge

11